# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MARQUIS BRUMFIELD,<br><br>        Plaintiff,<br><br>vs.<br><br>REBECCA BARRETT, NETTI RENSHAW, DON HARRIS, ROBERT JOHNSON,<br><br>        Defendants. | No. C16-3109-LTS<br><br>ORDER |

This matter is before the court on plaintiff's October 14, 2016, application to proceed in forma pauperis (Doc. No. 2). Along with his application, plaintiff submitted a complaint under 42 U.S.C. § 1983 (Doc. No. 1) and supporting documentation (Doc. No. 1-1).

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). Based on the plaintiff's statements, it is clear that he does not have sufficient funds to pay the required filing fee. Thus, in forma pauperis status shall be granted to plaintiff. *See generally* 28 U.S.C. § 1915.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because the court deems it appropriate to grant plaintiff in forma pauperis status, plaintiff is required to pay the full filing fee by making payments on an installment basis. *See* 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). Based on plaintiff's statements, the court finds that the initial partial filing fee is $12.00. *Id*. Plaintiff shall submit $12.00 by no later than November 21, 2016. *Id*. If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays the initial partial filing fee, the remaining installments shall be collected by the institution having custody of plaintiff. *See id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## III. CLAIMS ASSERTED

Currently confined at the Fort Dodge Correctional Facility in Fort Dodge, Iowa, plaintiff submitted a complaint to redress issues that are related to the execution of his sentence and his confinement within the Fort Dodge Correctional Facility. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district and the defendants are located in this district.

In the statement of claim portion of the complaint, plaintiff generally asserts that the defendants: discriminated against him and interfered with his relationship with his wife and an ex-girlfriend to whom he tried to write, deprived him of the opportunity to be with his family, retaliated against him, violated policies and procedures, harassed and defamed him and refused to remedy the situation. As relief, plaintiff states that he wants: the disciplinary report dismissed, a transfer to another facility, parole to be granted, the defendants to be terminated and punitive damages in light of the burden that the defendants' actions have placed on his marriage and the cruel and unusual punishment that he experienced.

## IV. ANALYSIS

### A. *Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. *Plaintiff's Claims*

Given the facts alleged in the complaint, the court concludes that the plaintiff is unable to rely on 42 U.S.C. § 1983. He is primarily challenging the execution of his state sentence, not the conditions of his confinement, and, therefore, he can only bring this action as a habeas corpus action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that a 42 U.S.C. § 1983 action is barred if the plaintiff's claims necessarily imply the invalidity of his confinement or its duration); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and

seeking a determination that he is entitled to immediate or speedier release); *Deloria v. Lightenberg*, 400 F. App'x 117, 118 (8th Cir. 2010) (same); *see also Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997) (concluding that *Heck v. Humphrey*, 512 U.S. 477 (1994), applies to 42 U.S.C. § 1983 damage action in which the inmate did not seek restoration of good time credits to avoid being out of court under *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (concluding that an inmate is unable to seek damages under 42 U.S.C. § 1983 for prison discipline that resulted in a loss of good time credits until the inmate has successfully challenged such discipline through habeas or some other proceeding). Stated differently, plaintiff's challenge cannot be brought in an action under 42 U.S.C. § 1983 because he would necessarily have to demonstrate the invalidity of his loss of good time to successfully obtain relief. Because he is primarily attacking the validity of his confinement, rather than the conditions of his confinement, the plaintiff can only bring an action under 28 U.S.C. § 2254 after exhausting state remedies.

Alternatively, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Washington v. Uner*, 273 F. App'x 575, 576-77 (8th Cir. 2008) (applying § 1997e(a)). Proper exhaustion of administrative remedies is necessary so that corrections officials are afforded the "'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter*, 534 U.S. at 525). And, despite the fact that exhaustion is an affirmative defense that a defendant bears the burden of proving, a court may still raise the issue of exhaustion sua sponte if it is plain on the face of the complaint that a grievance procedure is unexhausted. *See Jones v. Bock*, 549 U.S. 199, 214-16

6

(2007) (clarifying that a complaint cannot be dismissed sua sponte for failing to plead and prove exhaustion but failure to exhaust can be a basis for dismissal for failure to state a claim if the allegations in the complaint suffice to establish that ground).

Here, plaintiff acknowledges in his complaint that a prisoner grievance procedure is available to him.[1] He also acknowledges that prior to filing the instant action, he did not exhaust the procedures that are available to him. And, the record indicates that plaintiff did not submit a grievance or exhaust the procedure available to him prior to commencing the instant lawsuit. Consequently, plaintiff did not properly exhaust any of his claims. *See Woodford*, 548 U.S. at 84 (stating that the exhaustion requirement is not satisfied if an inmate files "an untimely or otherwise procedurally defective administrative grievance or appeal" or effectively bypasses the administrative process simply by waiting until the grievance procedure is no longer available); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (same); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) (stating that a prisoner must take advantage of the procedure offered); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (emphasizing that an inmate must properly complete the grievance process); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (stating that a person must follow the rules governing the filing and prosecution of a claim); *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002) (finding that exhaustion requirements are not met if an inmate made some error in following the grievance procedure); *Poro v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (requiring complaints and appeals to be filed in the place and at the time the prison's administrative rules require); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (reiterating that a plaintiff cannot claim that it is futile to exhaust his remedies because he is now time-barred under the regulations).

---

[1] The Iowa Department of Corrections provides its policies online: http://www.doc.state.ia.us/Policies.asp. A review of IO-OR-06 indicates that a grievance must be filed with the grievance officer within 30 days of the alleged incident.

Because the record demonstrates that the plaintiff did not comply with 42 U.S.C. § 1997e(a), it is appropriate to dismiss the plaintiff's action. *See Castano v. Neb. Dep't of Corr.*, 201 F.3d 1023, 1024 (8th Cir. 2000) (concluding that 42 U.S.C. § 1997e(a) barred plaintiffs' assertion that defendants failed to provide qualified interpreters at disciplinary hearings and institutional programs that bear on eligibility for parole); *accord Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). Further, plaintiff's allegations do not indicate that the defendants deprived the plaintiff of a constitutionally protected right. *See Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) ("To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right."). Plaintiff asserts that the defendants are interfering with his parole, but he does not have a constitutionally-protected liberty interest in the possibility of parole. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 9-11 (1979); *see also Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (noting that there is no liberty interest in the possibility of parole that arises from the Constitution); *Stewart v. Davies*, 954 F.2d 515, 516 (8th Cir. 1992) (concluding that the plaintiff has no constitutionally protected liberty interest in the possibility of parole and, therefore, his transfer to Iowa did not violate due process of law).

Although liberty interests may arise from state law, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 376-81 (1987); *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2009), the focus of the inquiry is on whether the alleged change in the conditions of confinement imposes "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'", *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The denial of parole is insufficient to confer a liberty interest because the duration of plaintiff's original sentence was not altered. *See Morgan v. Bartruff*, 545 F. App'x 592, 592-93 (8th Cir. 2013) (deciding that Iowa inmate did not state a valid due process claim based on his inability to be heard and

considered for parole eligibility); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669 (8th Cir. 1996) (finding that removing an inmate from a work release program and returning him to prison did not deprive the inmate of a liberty interest because prison was not atypical of what inmates have to endure in daily prison life); *cf. Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011) (stating that the conclusion that state law created a liberty interest in parole was a reasonable application of *Allen*, 482 U.S. at 373-81, and *Greenholtz*, 442 U.S. at 12); *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (finding that parole statutes of Arkansas do not create a protectable liberty interest in discretionary parole procedures).[2]

Aside from being unable to seek parole or to be released, plaintiff is unable to seek a transfer. A prisoner has no constitutional right to a prison transfer or to be housed in the prison of his choice. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). In addition, no claim under 42 U.S.C. § 1983 exists because a violation of state statutory law is not the equivalent of the federal Constitution. *See Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993) (assuming that Iowa Code section 903A.5 required the plaintiff to be given the credit he requested and concluding that the failure to give credit does not amount to a claim under 42 U.S.C. § 1983). Absent the existence of a protected liberty interest, the mere violation of state law does not state a claim under the federal Constitution or 42 U.S.C. § 1983. *Id.* at 328; *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding that the failure to follow state law or policy does not in and of itself state a constitutional claim); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating

---

[2] Having determined that the adverse consequences from the denial of parole do not give rise to a liberty interest, the court declines to consider whether the procedures surrounding the decision to deny parole are constitutionally adequate. *See Persechini*, 651 F.3d at 808.

prison policy."); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("[T]he Due Process Clause does not federalize state-law procedural requirements."); *Hughes v. Lee Cty. Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993) (finding that the assertion that the state violated its own procedural guidelines does not state a federal claim); *Swenson v. Trickey*, 995 F.2d 132, 135 (8th Cir. 1993) (concluding that an inmate may not base a procedural due process claim on a violation of state procedural law). As such, the alleged failure to follow the policies and procedures of the Iowa Department of Corrections does not state a valid claim.

Plaintiff's allegations regarding retaliation by the defendants also fail as a matter of law. "To prevail on a retaliation claim, [a plaintiff] must show 1) he engaged in a protected expression, 2) he suffered an adverse action, and 3) the adverse action was causally related to the protected expression." *Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010) (citing *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004)). An inmate claiming retaliation is required to meet a substantial burden of proving the actual motivating factor for the adverse action, such as placement in administrative segregation, is as alleged. *See Griggs v. Norris*, 297 F. App'x 553, 555 (8th Cir. 2008); *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996); *Goff v. Burton*, 7 F.3d 734, 736-38 (8th Cir. 1993); *see also Haynes v. Stephenson*, 588 F.3d 1152, 1155-57 (8th Cir. 2009) (discussing prima facie case of retaliatory discipline). "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Green Cnty. Jail Emp.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)). Here, it is clear that plaintiff does not state a viable claim because there is some evidence of a rule violation. *See Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014) (stating that some evidence that an inmate actually committed a rule violation defeats a retaliatory discipline claim).

Moreover, plaintiff did not assert that he was suing the defendants in their individual capacities. Consequently, he has sued the defendants only in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) (noting that it is assumed

that a plaintiff is suing a defendant only in his or her official capacity if a plaintiff does not expressly and unambiguously state that a defendant is being sued in his or her individual capacity). Plaintiff, however, does not allege that his disciplinary proceedings were conducted pursuant to an unconstitutional policy or as a result of a failure to properly supervise or train an employee. Given his allegations, plaintiff's action is subject to dismissal. *See id.* at 766-67 (determining that plaintiff failed to set forth sufficient facts to show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation).

Lastly, because plaintiff does not allege that he suffered a physical injury, his ability to recover compensatory damages is limited. *See* 42 U.S.C. § 1997e(e); *see also Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that 42 U.S.C. § 1997e(e) limits the recovery for mental or emotional injury in all federal actions brought by prisoners). The alleged facts do not justify the award of compensatory damages, which are only available if an inmate has the requisite physical injury to support a claim for mental or emotional suffering. And, the alleged facts do not justify the award of punitive damages, which are only available if an inmate establishes that the defendants acted with evil motive or reckless indifference. *See Williams*, 662 F.3d at 1011-12 (discussing the standard for awarding punitive damages). Even if plaintiff stated a claim upon which relief could be granted, only nominal damages would only be available.[3]

---

[3] To the extent plaintiff is attempting to assert state-law claims, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 F. App'x 870, 871 (8th Cir. 2005) (concluding that the decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating that subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims). In light of the court's initial review of plaintiff's claims and his statement as to the basis for the court's jurisdiction, there is no reason to retain jurisdiction over the supplemental claims, if any, that plaintiff desires to pursue.

## V. CONCLUSION

In light of the foregoing, plaintiff's complaint will be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b)(1), the dismissal of this action shall count against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **granted**. Plaintiff is directed to submit an initial partial filing of $12.00 by no later than **November 21, 2016**. If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after plaintiff pays the initial partial filing fee, the institution having custody of plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(2) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

(3) Plaintiff's 42 U.S.C. § 1983 action is **dismissed** pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(4) The dismissal of the instant action counts against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(5) The clerk's office is directed to enter judgment in favor of the defendants.

**IT IS SO ORDERED.**

**DATED** this 26th day of October, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE

TO: WARDEN/ADMINISTRATOR
Fort Dodge Correctional Facility, Fort Dodge, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Marquis Brumfield, #6269639, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Brumfield v. Barrett et al.*, Case No. C16-3109-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $12.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $12.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa